### STATE ex HOFFMAN v MARKEY, Judge, etc

Ohio Appeals, 2nd Dist, Montgomery Co

No 1265. Decided May 14, 1934

Max G. Dice, Dayton, and Marcus Shoup, Xenia, for plaintiff.

Baggott & Baggott, Dayton, for defendant.

**446**

## OPINION

By THE COURT

This court has held that in divorce cases the action is commenced upon the securing of service of process upon the defendant and not by §11279 GC relating to the commencement of civil actions. Therefore, the Greene County Common Pleas Court first acquired jurisdiction over the parties and subject matter in the divorce action therein instituted.

Upon the principal question, namely, whether or not there is presented a conflict of jurisdiction between two courts of concurrent and coextensive jurisdictional powers, we are satisfied that the Common Pleas Court of Greene County, by the action instituted by the relator against Ruth Hoffman and the service of summons thereon, clothed that court with complete and exclusive jurisdiction, not only in divorce but also in alimony. It is true that there is a separate action provided by statute for alimony, but alimony is also an incident of a divorce proceeding. The Greene County Court, by virtue of the general action in divorce, obtained jurisdiction and had authority to determine alimony whether due from the plaintiff or to the plaintiff. This jurisdiction having attached, it is exclusive as to all questions which could be properly adjudicated between the parties to the suit.

The rule respecting the jurisdiction of courts of concurrent and co-extensive jurisdiction is well stated in **11 O. Jur., 726:**

"As between courts of concurrent and co-extensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue, and to settle the rights of the parties to the exclusion of all other tribunals." Citing **Keating v Spink, 3 Oh St, 105; Dwyer v Garlough, 31 Oh St, 158; State ex Washington County v Marietta & C. R. Co., 35 Oh St, 154.** The rule is stated in another form in **Kappes v State, 5 O.C.C. (N.S.) 183:** ·

"Two courts having concurrent jurisdiction, cannot take jurisdiction of the same person and the same subject matter at one and the same time."

But it is urged that error may be prosecuted and is the appropriate and proper remedy for the relator to pursue.

It is true that error will lie to a final order or judgment but "objection for want of jurisdiction of the subject matter may be raised at any stage of the proceeding." **11 O. Jur., 672; State v Turner, Wright, 20; Thompson v The Julius D. Morgan, 2 Oh St, 26; The General Buell v Long, 18 Oh St. 521; Hamilton v Merrill, 37 Oh St 682; Culver v Rodgers, 33 Oh St, 537.**

In the situation presented in this proceeding we must give consideration, not only to the rights of the parties, but to the rights of the respective courts involved. Two courts should not be proceeding to determination in an action wherein the parties and the subject matter are the same and both have like jurisdictional powers. Such a clash as might result should be avoided, and, although there is no doubt that justice would be meted out to the parties in either or both of the courts, yet the convenience to the parties and the certainty which should attend the orderly processes of judicial procedure should be assured.

It would not be contended that the defendant in the Greene County case could have instituted and prosecuted a separate action in divorce to judgment in Montgomery County. This is obviously true because if the plaintiff is entitled to a divorce there, the defendant could not be entitled to a divorce there or elsewhere. The decree, if any, granted in the Greene County Court would be a bar to any further decree. So it would be with an alimony decree. If alimony be awarded in Greene County, or, if it is refused, this would be a bar to any subsequent action by either party for alimony. **Weidman v Weidman, 57 Oh St, 101.**

An examination of the statutes respecting the power of the court in awarding alimony in a divorce action proper and in an action for alimony only will be of interest §11991 GC prescribing the authority and power of the court to award alimony to a wife in a divorce case provides:

"Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable. If the wife survives her husband, she also shall be entitled to her right of dower in his real estate not allowed to her as alimony, of which he was seized during the coverture, and in which she had not relinquished her right of dower."

Sec 11998 GC relating to the action for alimony only provides:

"Upon satisfactory proof of any of the charges in the petition, the court shall make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just, and give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments."

It follows, also that, inasmuch as the judgment does not, in any wise, set aside the marital status, the wife would not be divested of any dower right in her husband's property.

The marked similarity in the authority and power of the court to award alimony in divorce cases and in actions for alimony only, is convincing that the legislation does not contemplate that more than one action should be pending, wherein the question of alimony may be determined. It has been held that:

"Where a divorce has been granted in Ohio without a decree for alimony or a division of property in an action in which the defendant was personally served with process, neither party may thereafter maintain a separate action against the other for alimony or for a claim upon or a division of property standing in the name of the other." Weidman v Weidman, supra; **Boling v Boling, 91 Oh St, 390; Bogen v Bogen, 20 O.N.P. (N.S.) 447.**

By a parity of reasoning it follows that the Greene County Court, having taken jurisdiction of the divorce action with incidental power to award alimony to either

party, a subsequent action purposed to require another court of concurrent jurisdiction to award alimony only to one of the parties could not properly be maintained.

The causes for alimony only, set forth in the statute are, in many particulars, the same as those appearing in the statutes controlling divorce and where they differ they are inconsistent with the theory that they could be found to exist in favor of one party, if cause for divorce could be found to exist in favor of the opposite party in another action. Thus, if an action for alimony by the wife could be countenanced at the same time as an action for divorce wherein the husband was the party plaintiff, it would be possible for one court to adjudicate the husband to be the aggressor in the same particular as the other court would determine that the wife was at fault. It is but necessary to state this proposition to establish that such procedure could not have been contemplated by the law enacting authority in the divorce and alimony statutes.

We are satisfied that the wife has the right to begin her action for alimony only in instances wherein there has been no prior action commenced by her husband for divorce.

We are cited to the case of **Fessenden v Fessenden, 28 O. L. Rep., 164 and 408.** This was an action instituted by the wife against the husband for alimony only. Thereafter, the husband instituted an action against the wife for divorce. The court properly held that, inasmuch as a court of competent jurisdiction had acquired jurisdiction of the action for alimony, another court of concurrent jurisdiction could not, in a subsequent proceeding therein for a divorce, adjudicate upon any question affecting the rights of the parties as to alimony. This authority is sound and is grounded upon the same reasoning as is our determination in this case. The court, in the action for alimony only, had asserted jurisdiction to determine the question of alimony between the parties. Thereafter, the action for divorce, being subsequent, could not deprive the first court of the jurisdiction as to alimony which it had obtained.

This action, however, is in prohibition and not in procedendo. It is to prevent action by the court and not to compel action.

Thus, what has been done in the Montgomery County Common Pleas Court in compliance with orders there made will not be reached and expressly invalidated by this action but as to any further orders which it is probable may be made and entered this court may take notice and grant relief.

In the instant case error would not provide the relator with an adequate and complete remedy in view of the fact that he might be caused to defend the action in the Montgomery County Common Pleas. Court at the same time that he was prosecuting his case in the Greene County Common Pleas Court.

The record does not establish that the court has refused to pass upon the motion of the relator to dismiss the petition of the plaintiff in the Montgomery County Court. It is true that the journal entry does not dispose of the motion but there is no statement therein that the court refused to pass upon the question, nor has counsel read into the record any demand for further order by the court or any specific exception to the refusal of the court to pass upon the motion as it relates to the dismissal of the petition.

However, the court did definitely determine that it had jurisdiction to entertain the motions of plaintiff, which was tantamount to a determination that it had general jurisdiction of the subject matter. This, in our judgment, indicates a definite purpose to proceed and consider all questions which hereafter may arise between the parties. The action of the learned trial judge, no doubt, was based upon the fact that there is no case in Ohio expressly deciding the question presented and he therefore resolved any doubt in favor of jurisdiction of his court, which is the usual form of procedure.

The motion of defendant to dismiss the proceedings will be overruled. The writ may issue as prayed as may relate to the exercise of any further jurisdiction by the respondent in case No. 13736, Montgomery County Common Pleas Court, Ruth Hoffman, plaintiff v Edward L. Hoffman, defendant.

HORNBECK, PJ, and BARNES, J, concur.